DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lockheed Martin Corporation, ) | |
| ) | CASE NO. 5:10 CV 673 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| The Goodyear Tire & Rubber Company, et al., ) ) | |
| ) | |
| Defendants. ) | |

I. Introduction

The plaintiff has filed its first amended complaint on April 26, 2010 (Doc. 7) alleging seven separate claims as follows:

The first claim for relief against Goodyear Tire seeks a declaratory judgment that Goodyear Tire is responsible for "past and future Airdock site CERCLA response costs and contribution."

The second claim for relief against Goodyear Tire and entitled "past and future Haley's Ditch Site CERCLA response costs and contribution.

The third claim for relief is against Goodyear Tire and seeks "past and future Voluntary Action Program response costs.

The fourth claim for relief seeks declaratory relief against The Travelers Casualty & Surety Company and/or The Travelers Indemnity Company of America (the Aetna Policies).

The fifth claim for relief seeks declaratory relief against The Travelers Indemnity Company of America (the Travelers policies).

(5:10 CV 673)

The sixth claim for relief is entitled Breach of Contract against The Travelers Casualty & Surety Company and/or The Travelers Indemnity Company of America (the Aetna policies).

The seventh claim for relief is entitled Breach of Contract against The Travelers Indemnity Company of America.

The prayer for relief follows:

> WHEREFORE, Plaintiff Lockheed Martin demands judgment in its favor as follows:
>
> For the First Claim for Relief, order Defendant Goodyear Tire to reimburse Plaintiff Lockheed Martin for, at least, $25.4 million in response costs at the Airdock site and interest under 41 USC §§9607 (a)(2), (a)(3), (a)(4) and declare that Defendant Goodyear Tire is liable for future Airdock Site response costs under 42 USC §9613(b); in the alternative, Defendant Goodyear Tire is liable for contribution under CERCLA 13 (f)(1).
>
> For the Second Claim for Relief, order Defendant Goodyear Tire to reimburse Plaintiff Lockheed Martin for at least $5.8 million in response costs at the Haley's Ditch Site and interest under 42 USC § 9607(a)(2), (a)(3) and (a)(4) and declare that Defendant Goodyear Tire is liable for future Haley's Ditch response costs under 42 USC §9613(b); in the alternative, Defendant Goodyear Tire is liable for contribution under CERCLA §113(f)(1).
>
> For the Third Claim for Relief, order Defendant Goodyear Tire to reimburse Plaintiff Lockeed Martin for at least $10 million of the costs of conducting a Voluntary Action at the Airdock Site under ORC §§3746.23(A), (B), (C) including interest, attorney fees, other litigation expenses and costs;
>
> Also declare under FRCP 57 that Defendant Goodyear Tire is liable for Plaintiff Lockheed Martin's future costs of conducting a Voluntary Action at the Airdock Site.
>
> For the Fourth Claim for Relief, an order that Plaintiff Lockheed Martin is entitled to all coverage rights under Aetna and Travelers II Policies issued to Defendant Goodyear Tire, and further, that

2

(5:10 CV 673)

>Defendant The Travelers Casualty & Surety Company and/or Defendant The Travelers Indemnity Company of America is/are obligated under the Policies to reimburse Plaintiff Lockheed Martin for all of Plaintiff Lockheed Martin's defense and indemnity costs related to the Airdock and Haley's Ditch Sites property damages, and prejudgment interest, and attorney fees and investigative fees, and a declaration under Rule 57 of FRCP that Defendant
>
>For the Fifth Claim for Relief, an order that Plaintiff Lockheed Martin is entitled to all coverage rights under Travelers II Policies issued to Defendant Goodyear Tire, and further, that Defendant The Travelers Indemnity Company of America is obligated under the Policies to reimburse Plaintiff Lockheed Martin for all of Plaintiff Lockheed Martin's defense and indemnity costs related to the Airdock and Haley's Ditch Sites property damage, and prejudgment interest, and attorney fees and investigative fees, and a declaration under Rule 57 of FRCP that Defendant The Travelers Indemnity Company of America is responsible for future costs incurred by Plaintiff Lockheed Martin with regard to the Airdock and Haley's Ditch Sites.
>
>For the Sixth Claim for Relief, an order that: As a direct and proximate result of its breaches of contract, Defendant The Travelers Casualty & Surety Company and/or Defendant The Travelers Indemnity Company of America has/have deprived Plaintiff Lockheed Martin of the benefit of insurance coverage under the Aetna and Travelers II Policies for the costs of investigating and remediating the Airdock and Haley's Ditch Sites;
>
>As a proximate and legal result of breaches of contract by Defendant The Travelers Casualty & Surety Company and/or Defendant The Travelers Indemnity Company of America, Plaintiff Lockheed Martin has sustained substantial damages, including, but not limited to environmental investigation and remediation costs, attorney fees, litigation support expenses, defense costs and pre-judgment interest; and
>
>As a proximate and legal result of breaches of contract by Defendants The Travelers Casualty & Surety Company and/or The Travelers Indemnity Company of America, Defendant The Travelers Casualty & Surety Company and/or Defendant The Travelers Indemnity Company of America is/are liable in an amount yet to be determined which exceeds $75,000, and Plaintiff Lockheed Martin may proceed to document and account for its costs, expenses, and damages in

(5:10 CV 673)

> investigating and remediating the Airdock and Haley's Ditch Sites, which total amount, following Court review, be paid by Defendant The Travelers Casualty & Surety Company and/or Defendant The Travelers Indemnity Company of America to Plaintiff Lockheed Martin.
>
> For the Seventh Claim for Relief, an order that: As a direct and proximate result of its breaches of contract, Defendant The Travelers Indemnity Company of America has deprived Plaintiff Lockheed Martin of the benefit of insurance coverage under the Travelers II Policies for the costs of investigating and remediating the Airdock and Haley's Ditch Sites; As a proximate and legal result of breaches of contract by Defendant The Travelers Indemnity Company of America, Plaintiff Lockheed Martin has sustained substantial damages, including, but not limited to environmental investigation and remediation costs, attorney fees, litigation support expenses, defense costs and pre-judgment interest; and
>
> As a proximate and legal result of breaches of contract by Defendant The Travelers Indemnity Company of America, Defendant The Travelers Indemnity Company of America is liable in an amount yet to be determined which exceeds $75,000, and Plaintiff Lockheed Martin may proceed to document and account for its costs, expenses, and damages in investigating and remediating the Airdock and Haley's Ditch Sites, which total amount, following Court review, be paid by Defendant The Travelers Indemnity Company of America to Plaintiff Lockheed Martin.

II.  The Defendants' Motion to Dismiss

The defendants filed a motion to dismiss on July 1, 2010 (Doc. 15) and relies in particular upon an amended and restated agreement for purchase and sale of assets among Goodyear Aerospace Corporation, the Goodyear Tire & Rubber Company and Loral Corporation that is dated March 13, 1987.  The agreement numbers approximately 82 pages.  The plaintiff has filed a memorandum in opposition to the motion to dismiss.  (Doc. 22).

On July 14, 2010, the Court scheduled a Case Management Conference for August 18, 2010, but then by a subsequent order dated July 27, 2010, indicated it should resolve the motion

4

(5:10 CV 673)

to dismiss before conducting the Case Management Conference.

Motions to dismiss prior to discovery are now typically filed based on the recent authority of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Ironically, in 2008, this Court had before it the antitrust case brought by Goodyear Tire & Rubber against a series of defendants, Bayer AG, Bayer Material Science L.L.C. f/k/a Bayer Polymers L.L.C., Bayer Corporation, Dow Chemical Company, Dow Deutschland Inc., Dow Deutschland GmbH & Co. OHG, Dow Europe GmbH, Eni S.p.A., Syndial S.p.A, Polimeri Europa Americas, Inc. and Polimeri Europa S.p.A  The defendants filed a major motion to dismiss based on *Twombly.*  After serious consideration and a lengthy oral argument, the Court denied the motion to dismiss.  (*See* attached hereto a copy of the Court's order (Doc. 100) identified as Appendix I).  Subsequently, all four major defendants settled with Goodyear for major sums of money.  The rationale that the Court applied to Goodyear's antitrust case appears appropriate to the Court in this case and after review of the paperwork, the motion to dismiss is

5

(5:10 CV 673)

DENIED, but without prejudice to the defendants reasserting their claims in the context of motions for summary judgment.

### III. Conclusion

The Court will conduct a Case Management Conference on the Tuesday, September 21, 2010 at 12:30 p.m..

IT IS SO ORDERED.

| | |
|---|---|
| August 13, 2010 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |