DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lockheed Martin Corporation, | CASE NO. 5:10 CV 673 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| The Goodyear Tire & Rubber Company, et al., | |
| Defendant. | |

Before the Court is plaintiff Lockheed Martin's motion to certify, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and that the Court's Order entered February 11, 2011 granting defendants Travelers Casualty & Surety Company and Travelers Indemnity Company of America (collectively, Travelers) motion to dismiss counts 4-7 of the first amended complaint, and denying plaintiff's motion to certify a question of Ohio insurance law to the Ohio Supreme Court, is a final and appealable order . ECF 62 and 57.  Both defendant Goodyear Tire & Rubber Company (Goodyear) (ECF 63), and Travelers (ECF 64), oppose Lockheed Martin's motion.  Lockheed has replied.  ECF 65 and 67.

For the reasons contained herein, Lockheed Martin's motion is DENIED.

A.  Rule 54(b)

Rule 54(b) provides in relevant part: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of final judgment

(5:10 CV 673)

as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

> Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "expressl[ly] determin[e] that there is no just reason" to delay appellate review.

*General Acquistion v. GenCorp.*, 23 F.3d 1022, 1026 (6th Cir. 1999) (citations omitted).

In implementing Rule 54(b), courts must "strike a balance" between the historic federal policy against piecemeal appeals and the need to make appellate review available in situations that best serves the needs of the litigants. *General Acquistion v. GenCorp.*, 23 F.3d at 1027.

B.  Lockheed Martin's Motion for Rule 54(b) Certification

In support of the first required finding for Rule 54(b) certification, Lockheed Martin argues that its claims against Goodyear (Counts 1-3) under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and the Ohio Voluntary Action Program are entirely separable from its dismissed claims (Counts 4-7) against Travelers. As a further point of separation, plaintiff Lockheed Martin contends that while further discovery will be required with respect to the claims against Goodyear, no further discovery will be required with respect to its claims against Travelers.[1]

---

[1] In footnote 2 in its motion, Lockheed Martin asserts that recent discovery has established that the insurance policies described in Section 4.12 of the Asset Purchase Agreement by which Lockheed Martin purchased the airdock form Goodyear are comprised of a single property policy, which is differs from the general liability policies at issue in Counts 4-7.

2

(5:10 CV 673)

With respect to the second required finding, Lockheed Martin contends that allowing the Sixth Circuit to either decide the Ohio insurance law question presented in this case or certify that question to the Ohio Supreme Court will materially advance the ultimate termination of this litigation. In advancing this position, Lockheed Martin reasons that if it can recoup its losses from the Travelers policies, "Lockheed Martin may have no reason to go forward with the litigation against Goodyear Tire" which could take years, and justifies a conclusion that this case is an "exceptional case warranting interlocutory review."

In summary, Lockheed Martin asserts that Rule 54(b) certification will not result in unnecessary appellate review because the Ohio insurance law question is purely a legal issue separate and distinct from the CERCLA and Ohio law claims against Goodyear and unrelated to the Asset Purchase Agreement. Therefore, the Sixth Circuit would not have to revisit the same issues again on a later appeal and early resolution of the Ohio insurance law question may shorten or obviate the balance of the litigation against Goodyear.

C.  Defendants Goodyear and Travelers Opposition

Both Goodyear and Travelers oppose Lockheed's motion. Goodyear vigorously disagrees with Lockheed Martin's assertion in footnote 2 of its motion for certification that "recent discovery" has revealed that the APA and the status of discovery will have no bearing on the resolution of Lockheed's insurance claims relative to the Travelers policies. In support of this view, Goodyear offers its analysis of various provisions of the APA, and concludes that the APA is "directly relevant" to Lockheed's insurance claims relative to the Travelers policies

3

(5:10 CV 673)

because any "operation of law" theory developed in the future by the Sixth Circuit and/or Ohio Supreme Court may be subject to superseding contractual provisions.

Travelers opposes the motion to certify for multiple reasons.  First, Travelers points out that future developments in the pending case between Lockheed and Goodyear may moot the need for appellate review of the Court's earlier ruling regarding Counts 4-7.  Secondly, the Sixth Circuit would be required to revisit the legal and factual issues relative to Lockheed's "operation of law" theory with respect to whether there was or was not a contractual transfer of insurance policies in the APA.  Travelers additionally argues that futility and lack of prejudice to Lockheed also supports a conclusion that the Court should not certify its Order for appeal.

D.     Analysis and Conclusion

Certification pursuant to Rule 54(b) is discretionary with the district court even in cases where the posture of the case supports Rule 54(b) such certification.  In this case, however, the Court is persuaded that issues regarding the Asset Purchase Agreement that are yet to be resolved may impact the legal theory advanced by Lockheed Martin regarding the Travelers policies.  As a consequence, an immediate appeal of its February 22, 2011 Order may result in duplicative appellate review and will not produce a more efficient resolution of this case.

Accordingly, Lockheed Martin's motion for Rule 54(b) certification is DENIED.

IT IS SO ORDERED.

|   |   |
|---|---|
| _May 5, 2011_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |

4